JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

KATHERINE B. DOWLING (CABN 220767)
Assistant United States Attorney

    450 Golden Gate Ave., Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7200
    Fax: (415) 436-7234
    E-Mail: katherine.dowling@usdoj.gov

Attorneys for the United States

FILED
MAR 20 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ERIC LOREN CLAWSON, ) <br> ) <br> Defendant. ) <br> ) | CR No. 09-70255 EMC <br><br> ORDER OF DETENTION |

**I.      INTRODUCTION**

This matter came before the Court on March 17, 2009 for a detention hearing. Defendant Eric Clawson was present in custody and represented by attorney Ronald Tyler. Assistant U.S. Attorney Katherine B. Dowling appeared on behalf of the United States.

Pretrial Services submitted a report to the Court and the parties that recommended release with condition, and a representative of Pretrial Services was present at the hearing. The Government requested detention, and the Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

Upon consideration of the facts, proffers and arguments presented, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will

1  reasonably assure the safety of the community. Accordingly, the Court concludes that the
2  Defendant must be detained pending trial in this matter.

### II.  RELEVANT LEGAL STANDARD

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, governs pretrial detention of criminal defendants. Under the procedures set forth in 18 U.S.C. § 3142, pretrial detention is appropriate when a judge finds that "no condition or combination of conditions" will (1) "reasonably assure" the appearance of the person at trial, and (2) "reasonably assure" the safety of the community. 18 U.S.C. § 3142(e). In this case, the government bears the burden of proving by a preponderance of the evidence that no condition can reasonably assure Defendant's appearance, and of proving by clear and convincing evidence that no condition can reasonably assure that defendant will not present a danger to the community. See 18 U.S.C. § 3142(f)(2)(B) ("The facts the judicial officer uses to support a finding ... that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence.").

### III.  FINDINGS AND ORDER

The Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. The Court reaches this conclusion based on the Defendant's past criminal history and conduct which establish a lengthy and repeated history and pattern of violence and an inability to control his behavior. Some of the alleged violence occurred after Mr. Clawson attended domestic violent treatment. This history of violence is enhanced by the government's proffer with regard to an ongoing investigation of Mr. Clawson deliberately intimidating or "shaking down" a victim, including commission of battery. In addition, the Government proffered that Mr. Clawson knows the identity of the victim in the instant case.

Therefore, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:

(1) the Defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the Defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

March 20, 2009

HON. EDWARD M. CHEN
UNITED STATES MAGISTRATE JUDGE